[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff has filed an application for the discharge of a mechanic's lien served on plaintiff on or about July 15, 1997. The certificate of mechanic's lien and notice (Def's. Exh. D) is CT Page 11409 dated July 14, 1997, describes a lien in the amount of $5,143.98 for materials furnished in the construction of an addition to plaintiff's dwelling, commencing April 23, 1997 and ending May 23, 1997. The certificate on its face was filed within 90 days from the ceasing of the furnishing materials for the aforesaid addition.
The court heard the application on November 20, 1997. Defendant's Exhibits A, B and C establish the fact that the materials in question were delivered to the situs of plaintiff's property within 90 days from the filing of the certificate of mechanic's lien and notice.
The evidence permits a finding that the plaintiff owner and a contractor executed a contractual agreement dated February 19, 1997, requiring contractor to construct and provide materials from an addition to plaintiff's dwelling. The contract price to be paid by owner amounted to $30,885.00. Payment was to be made in specified installments with the balance due contractor upon completion. Owner made payments to contractor on February 19, 1997, March 11, 1997, March 27, 1997, April 18, 1997 and April 27, 1997. These payments totalled $31,000. (Plaintiff's Exhibits 2, 3, 4, 5 and 6).
Although the contract was approximately 90 percent completed on April 27, 1997, certain materials detailed in Defendant's Exhibit B ($3,885.65) and Exhibit C ($424.53) had not been delivered or incorporated into the house by that date. Exhibit A ($833.80) appears to have been delivered on April 23, 1997, a few days prior to April 27, 1997.
The contract contemplated a payment of approximately $7,385 upon completion of construction. Unfortunately, owner advanced this final payment well in advance of the completion of construction thus disqualifying it as a good faith payment pursuant to § 49-36.
Applicant contends that § 49-35 requires privity in the form of a contract assented to by owner between a subcontractor such as defendant supplier and the original contractor before such a material man is entitled to claim any mechanic's lien. This is not the case. Section 49-33 provides any person who furnishes materials by virtue of an agreement with or by consent of the owner or by consent of some person having authority from and rightfully acting for the owner in procuring materials is CT Page 11410 entitled to claim such a lien. In this instance the contractor was fully authorized by owner to procure the materials for the completion of the contract. The fact that he charged them to an account standing in another individual's name and this individual was billed for them is of no legal significance.
The materials were purchased to comply with the owner's specifications, delivered to the owner's premises and incorporated into the owner's building. Seaman v. Climate ControlCorporation, 181 Conn. 592, 595, 596 (1980).
Inasmuch as the court finds that defendant has established probable cause to sustain the validity of the lien, the application is denied.
Dorsey, J. Judge Trial Referee